[S. F. No. 1991.   In Bank.—November 28, 1899.]

ISAAC ELDER, Petitioner, v. OTTO GRUNSKY, County Clerk, etc., Respondent.

PRACTICE—DEFAULT—SERVICE OF SUMMONS—RETURN.—After a service of summons has been set aside and vacated, and so long as the order therefor remains in force, the county clerk has no authority, and cannot be compelled by *mandamus* to enter the default of the defendant for failure to answer upon the return of such vacated service.

ID.—FOREIGN AND DOMESTIC CORPORATIONS—INSUFFICIENT RETURN.— Where an action is brought against a corporation, alleged in the complaint to be organized under the laws of the state of California, and the return of the service of summons, which recites that the defendant is a foreign corporation, is insufficient to show a valid service upon a domestic corporation, the county clerk is justified in refusing to enter the default of the defendant for failure to answer.

APPLICATION for a writ of mandate.

The facts are stated in the opinion of the court.

J. B. Webster, and D. E. Alexander, for Petitioner.

Dudley & Buck, and George F. Buck, for Respondent.

HARRISON, J.—Application for writ of mandate.   The petitioner commenced an action in the superior court for the county of San Joaquin May 27, 1899, against the Southern Pacific Company, alleging in his complaint that the defendant was at the date of the complaint, and at all the times therein mentioned, "a corporation incorporated, organized, and doing business in this state."   A summons was issued upon the com-

plaint on the same day, and on the 9th of June was returned
to the clerk's office with an affidavit of M. Haynes indorsed
thereon that he "personally served the within summons on the
twenty-ninth day of May, A. D. 1899, on C. J. Jones, the man-
aging and business agent at Stockton, California, of the defend-
ant therein named, by personally delivering to said C. J. Jones
personally in said county of San Joaquin a copy of said summons
attached to a copy of the complaint in the action therein men-
tioned; that said defendant is a foreign corporation doing busi-
ness in the state of California." The respondent herein is the
county clerk of San Joaquin county, and the clerk of said su-
perior court, and on June 9th, after the return of the summons,
the plaintiff demanded of him that he enter the default of the
defendant in said action, which demand was refused. On the
6th of June the defendant in the action had given notice to the
plaintiff therein—petitioner herein—of a motion to set aside the
service of said summons, and the court had made an order fixing
June 8th as the time for hearing this motion, and on that day
this notice, with the admission by the plaintiff of its service,
together with certain affidavits offered on behalf of the plaintiff
in answer to the motion, were filed with the clerk, and the
hearing of the motion was continued until June 12th. On this
last day, the court made an order granting the defendant's mo-
tion to set aside and vacate the service of the summons. There-
after the plaintiff made the present application to this court for
a writ of mandate directing the respondent to enter the default
of the defendant in said action.

A writ of mandate to an officer will issue to compel the per-
formance of an act which the law specially enjoins as a duty
resulting from his office, trust, or station. The county clerk is
not authorized to enter the default of a defendant unless proof
has been made and filed that such defendant has been served
with the summons, together with a copy of the complaint in the
manner provided by the code. Section 411 of the Code of Civil
Procedure prescribes different modes of service according to the
character of the defendant to be served; and a service that would
be good upon a defendant belonging to one of the classes desig-
nated in that section would not be good as to a defendant belong-
ing to another of those classes, or authorize the entry of a de-

fault as to such defendant.   In the present case, the clerk was called upon to determine whether the defendant was a domestic or a foreign corporation, and he may well have hesitated to enter the default of the defendant upon the proof of service presented to him.   The plaintiff had alleged in his complaint that the defendant was incorporated under the laws of this state, and the clerk was not authorized to disregard this allegation by reason merely of the affidavit of the process server that the defendant was a foreign corporation.   If the defendant was, as alleged in the complaint, a domestic corporation, the proof of service was insufficient to authorize its default to be entered.   But, irrespective of this, at the time the present application was made for the writ of mandate, there was no obligation upon the clerk to enter such default.   The superior court had by its order set aside and vacated the service of the summons, and so long as that order remained in force the clerk had no authority to enter a default against the defendant.   The court had by its order declared that the very evidence of service upon which the plaintiff claimed the right to a default was insufficient to establish such service, and the clerk was required to observe and obey this order, as it was a part of the court's proceedings in the action. It was within the jurisdiction of the court to make the order, and when made, whether erroneous or not, so long as it was in force, it was binding upon the clerk as well as upon the parties to the action.   Neither can the action of the court in setting aside the service be reviewed in this proceeding.

The application for the writ is denied.

Henshaw, J., Van Dyke, J., Garoutte, J., and McFarland, J., concurred.